**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| VALERO ENERGY CORPORATION AND SUBSIDIARIES, )<br><br>)<br><br>Plaintiff, )<br><br>)<br>v. )<br><br>)<br>UNITED STATES OF AMERICA, )<br><br>)<br>Defendant. )<br><br>)<br><br>) | Case No. 5:21-cv-00922 |

## COMPLAINT

Plaintiff, Valero Energy Corporation and Subsidiaries (collectively, "Valero" or "Plaintiff") through its attorneys, brings this action for a refund of federal income tax paid for the tax years ended December 31, 2005 ("2005"), December 31, 2006 ("2006"), December 31, 2007 ("2007"), and December 31, 2008 ("2008") against defendant, the United States of America (the "United States"). Plaintiff alleges the following:

## I.      NATURE OF THE ACTION

1.      Valero sues to recover erroneously assessed and collected federal income taxes, plus statutory interest thereon as provided by law, for 2005 through 2008.

2.      In 2004, Congress enacted a new subsidy related to alcohol fuel and biodiesel mixtures in an effort to reduce the nation's dependency on imported oil, while at the same time ensuring that the federal excise taxes paid into the Highway Trust Fund were not reduced or impacted by the subsidy. The new tax credits under 26 U.S.C. § 6426 (the "Section 6426 Credits") created a new subsidy payable to blenders like Valero in one of three ways: (1) as an offset to the

26 U.S.C. §§ 4041 or 4081 fuel excise tax where the taxpayer was subject to such fuel excise tax; (2) as a payment from the United States Treasury; or (3) as a refundable income tax credit.

3.      Valero qualified for and received the Section 6426 Credits for each of the years in issue. Valero used the subsidy as an offset against its fuel excise tax.

4.      On its original federal income tax returns for 2005 through 2008, as well as the tax years ended December 31, 2009 ("2009") and December 31, 2010 ("2010"), Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income and overpaying the amount of federal income tax that was due.

5.      Valero timely filed amended tax returns on Internal Revenue Service ("IRS") Forms 1120X, Amended U.S. Corporation Tax Return ("Forms 1120X") reducing its gross income by the amount of the Section 6426 Credits it received in each of 2005–2010. Valero is including claims for 2009 and 2010, as both were net operating loss ("NOL") years for Valero and, as result, changes to the taxable income in 2009 affect the amount of the refund for 2006 and changes to the taxable income in 2010 affect the amount of the refund for 2008.

6.      Valero's Forms 1120X claim the refunds for each of 2005–2008 that result from the correction to Valero's gross income for each of 2005–2010.

7.      Valero's Forms 1120X included an alternative claim that, even if the Section 6426 Credits were taxable, the taxable portion would be limited to the Section 6426 Credits that were used as offsets against the fuel excise tax attributable to the alcohol or biodiesel contained in the fuel mixtures.

8.      The IRS disallowed Valero's refund claims related to the treatment of the Section 6426 Credits in full.

## II.    PARTIES

9.      Valero was the common parent of a U.S. affiliated group of companies filing consolidated tax returns for the years in issue, 2005–2010, and thus is the agent for the group of affiliated corporations under 26 C.F.R. § 1.1502-77(a). The terms "Plaintiff" or "Valero" as used herein, shall mean Valero Energy Corporation and/or some or all of its U.S. affiliated subsidiaries, as applicable in the context in which the term Plaintiff or Valero is used. Pursuant to 26 C.F.R. § 1.1502-77, Valero is authorized to bring this action on behalf of its consolidated group.

10.      Valero is incorporated under the laws of the State of Delaware. Valero's headquarters and principal place of business are located at One Valero Way, San Antonio, Texas 78249-1616. Valero's Employer Identification Number is 74-1828067, which is reflected on all federal income tax returns discussed herein.

11.      Defendant is the United States of America.

## III.    JURISDICTION AND VENUE

12.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 because this is a civil action against the United States for the recovery of erroneously or illegally assessed internal revenue taxes.

13.      Venue for this action properly lies in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1402(a)(2), because Valero's principal place of business is located in this judicial district. Intradistrict venue is proper in the San Antonio Division pursuant to 28 U.S.C. § 124(d)(4).

14.      Prior to filing its refund claims, Valero timely paid all federal income tax assessed for each of the years 2005–2008.

15.      Valero timely filed its refund claims for each of the years 2005–2008, including with respect to any NOLs carried back to 2006 and 2008.

3

16.     The IRS fully disallowed Valero's claims for refund for 2005–2008 and for the claim for refund for the 2009 NOL carryback to 2006 by issuing an IRS Letter 1364, Notice of Claim Disallowance (a "Notice of Claim Disallowance"), dated October 3, 2019. The IRS also fully disallowed Valero's claim for refund for the 2010 NOL carryback to 2008 by issuing a Notice of Claim Disallowance, dated April 15, 2021. All of the claims disallowed by these two Notices of Claim Disallowance are related to the income tax treatment of the Section 6426 Credits.

17.     Because Valero brought this suit less than two years from the dates shown on the Notices of Claim Disallowance this action is timely brought within the period prescribed by 26 U.S.C. § 6532.

## IV.     BACKGROUND

18.     A federal excise tax is imposed under 26 U.S.C. § 4081(a) (the "Section 4081 Excise Tax") on (1) the removal of a "taxable fuel" from any refinery or terminal; (2) the entry into the United States of any taxable fuel for consumption, use, or warehousing; and (3) certain sales of taxable fuels. "[T]axable fuel" is defined by 26 U.S.C. § 4083(a) as gasoline, diesel fuel, and kerosene, including blends thereof.

19.     The rate of the Section 4081 Excise Tax varies depending upon the type of taxable fuel. For all of the years 2005–2010, the excise tax was $0.184 per gallon for gasoline other than aviation gasoline and $0.244 per gallon for diesel fuel.

20.     Where a taxable fuel is a blend of products, the Section 4081 Excise Tax is imposed upon the entire volume of the blend. For example, the removal, importation, or sale of a gallon of alcohol fuel mixture consisting of 10 percent alcohol and 90 percent gasoline generates a Section 4081 Excise Tax liability of $0.184; 10 percent of this amount, or $0.0184, is attributable to the alcohol in the mixture, and 90 percent of this amount, or $0.1656, is attributable to the gasoline in the mixture.

21.     Taxpayers that engage in taxable removals, importations, or sales of taxable fuels report their Section 4081 Excise Tax liability on IRS Form 720, Quarterly Federal Excise Tax Return ("Form 720"). Form 720 is filed for each calendar quarter in which a Section 4081 Excise Tax is due. Form 720 generally must be filed on or before the last day of the month following the close of the calendar quarter to which the Form 720 relates. Each entity liable for the Section 4081 Excise Tax must file its own Form 720; a common parent of an affiliated group of corporations cannot file a consolidated Form 720 for such group. Taxpayers are generally required to make semi-monthly deposits of their Section 4081 Excise Tax. Taxpayers also pay any Section 4081 Excise Tax not yet paid or otherwise satisfied on a quarterly basis at the time of filing the Form 720. Payment can be made by electronic funds transfer and/or by use of the Section 6426 Credits.

22.     Congress has long subsidized the use of alternative and renewable fuels. In 2004, through the American Jobs Creation Act of 2004, Pub. L. No. 108-357, 118 Stat. 1418 (2004) (the "AJCA"), Congress changed existing incentives related to alcohol fuel mixtures and expanded incentives to reach biodiesel mixtures by enacting a new subsidy in the form of the new Section 6426 Credits.

23.     Prior to the enactment of the AJCA, taxpayers that engaged in the taxable removal, importation, or sale of alcohol fuel mixtures were subject to decreased rates of the Section 4081 Excise Tax. As mandated by 26 U.S.C. § 9503(b)(1)(D), all Section 4081 Excise Tax collected is appropriated to the Highway Trust Fund. Prior to the enactment of the AJCA, the reduced rates of Section 4081 Excise Tax applicable to the blended alcohol fuel mixtures reduced the funding to the Highway Trust Fund.

24.     The reduced excise tax rates under the prior regime were eliminated by the AJCA. Instead, Congress created a new subsidy in the form of the new Section 6426 Credits that did not adversely impact the Highway Trust Fund because it was funded from the General Fund. Following the enactment of the AJCA, 26 U.S.C. § 9503(b)(1) mandated that "[t]here are hereby appropriated to the Highway Trust Fund amounts equivalent to the taxes received in the Treasury . . . under . . . [26 U.S.C.] section 4081 (relating to tax on gasoline, diesel fuel, and kerosene)" and that the "taxes received under [26 U.S.C.] sections 4041 and 4081 shall be determined without reduction for credits under [26 U.S.C.] section 6426."

25.     The Section 6426 Credits are payable to taxpayers in one of three ways. Under 26 U.S.C. § 6426(a), where the taxpayer is liable for the Section 4081 Excise Tax, 26 U.S.C. § 6426(a) does not reduce the taxpayer's excise tax liability but, instead, permits the Section 6426 Credits to be used as an offset against such excise tax, *i.e.*, reducing the amount of cash required to satisfy the taxpayer's excise tax liability. Alternatively, the taxpayer may receive a payment equal to the Section 6426 Credits under 26 U.S.C. § 6427(e), or may claim the Section 6426 Credits as refundable income tax credits under 26 U.S.C. § 34(a).

26.     The Section 6426 Credits are equal to the number of gallons of alcohol or biodiesel a taxpayer blends with gasoline or diesel that the taxpayer either sells or uses in its trade or business, multiplied by an applicable amount. During 2005–2008, the applicable amount for alcohol fuel mixtures was $0.51 per gallon of alcohol under 26 U.S.C. § 6426(b), and the applicable amount for biodiesel mixtures was $1.00 per gallon of agri-biodiesel and $0.50 per gallon of all other biodiesels under 26 U.S.C. § 6426(c).

27.     During 2009 and 2010, the applicable amount for alcohol fuel mixtures was $0.45 per gallon of alcohol under 26 U.S.C. §6426(b), and the applicable amount for biodiesel mixtures

was $1.00 per gallon of biodiesel (regardless of whether it was agri-biodiesel) under 26 U.S.C. § 6426(c). The Section 6426 Credits for biodiesel mixtures lapsed on December 31, 2009 and were subsequently extended to December 31, 2011 with retroactive effect. Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. No. 111-312, § 701(b)–(d), 124 Stat. 3296, 3310 (2010). Valero received a cash payment for the 2010 Section 6426 Credits for biodiesel mixtures in a subsequent tax year.

28.    A taxpayer's Section 6426 Credits and Section 4081 Excise Tax liability are separate. The taxpayer's Section 6426 Credits are computed by multiplying the number of gallons of alcohol or biodiesel blended by the applicable amount. The computation of the taxpayer's Section 6426 Credits is not impacted by the number of gallons of gasoline or diesel included in the fuel mixtures. By contrast, the taxpayer's Section 4081 Excise Tax liability is determined based upon the total number of gallons of fuel mixture sold. Fuels such as pure gasoline or pure diesel (*i.e.*, unblended fuels) are subject to the Section 4081 Excise Tax, but generate no Section 6426 Credits. Likewise, sales of alcohol fuel mixtures or biodiesel mixtures may be exempt from the Section 4081 Excise Tax but nonetheless generate Section 6426 Credits. Further, where the Section 4081 Excise Tax is imposed upon a fuel mixture that is used for certain tax exempt purposes, the ultimate purchaser of the fuel mixture may obtain a refund of the full amount of the Section 4081 Excise Tax so imposed, irrespective of any Section 6426 Credits received with respect to the fuel mixture.

29.    In contrast to certain other federal tax credits, including other credits simultaneously enacted by Congress in 2004 through the AJCA, the Section 6426 Credits do not constitute gross income to taxpayers. Pursuant to 26 C.F.R. § 1.61-3(a), gross income in a manufacturing, merchandising, or mining business, such as Valero's, is defined as "the total sales,

less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources."

30.     A taxpayer's Section 4081 Excise Tax liability reduces gross income. Where the Section 6426 Credits are paid to the taxpayer under 26 U.S.C. § 6426(a), *i.e.*, in the form of offsets, the Section 6426 Credits are claimed on Form 720. Although the Section 6426 Credits claimed in this manner offset the Section 4081 Excise Tax required to be remitted by the taxpayer, the Section 6426 Credits do not reduce the taxpayer's Section 4081 Excise Tax liability, including for purposes of computing the reduction to gross income derived from such excise tax liability. The entire Section 4081 Excise Tax liability, regardless of the form in which the Section 6426 Credits are received, reduces the taxpayer's gross income.

31.     During 2005–2010, Valero operated petroleum refineries where it engaged in taxable removals, importations, or sales of taxable fuels, including alcohol fuel mixtures and biodiesel mixtures, and was thereby subject to the Section 4081 Excise Tax. During 2005–2010, Valero's refineries also blended alcohol with gasoline to produce alcohol fuel mixtures for sale or use in its trade or business, and blended biodiesel with diesel to produce biodiesel mixtures for sale or use in its trade or business. Both activities qualified for the Section 6426 Credits.

32.     Two of Valero's consolidated subsidiaries, Valero Marketing and Supply Company and The Premcor Refining Group, Inc., timely filed Forms 720 for each of the quarters in 2005–2010. The Forms 720 showed both the Section 4081 Excise Tax for each quarter and the Section 6426 Credits for each quarter.

33.     Valero timely paid its Section 4081 Excise Tax for all quarters of 2005–2010 through a combination of making required deposits, applying the Section 6426 Credits as offsets

pursuant to 26 U.S.C. § 6426(a), and making cash payments with the filing of its quarterly Forms 720.

34.     Valero did not claim a deduction on its IRS Forms 1120, U.S. Corporation Income Tax Returns ("Forms 1120") filed for 2005–2010 for its Section 4081 Excise Tax liability because Valero passed the economic burden of the Section 4081 Excise Tax on to its customers. For example, in a sale of one gallon of an alcohol fuel mixture, Valero charged the customer an amount equal to the base price of the alcohol fuel mixture being sold plus the Section 4081 Excise Tax attributable to that gallon of alcohol fuel mixture. The Section 4081 Excise Tax charged to the customer was net of the Section 6426 Credits that were then available.

35.     Valero erroneously included the Section 6426 Credits in its gross income on its Forms 1120 for 2005–2010.

36.     For purposes of "gross receipts or sales" on its Forms 1120 for 2005–2010, Valero reported as sales revenue the base price of the fuel mixture less the amount of the Section 6426 Credits. In order to compute "total income," gross receipts or sales revenue is reduced by cost of goods sold.

37.     Valero did not include the amount of its Section 4081 Excise Tax liability in its cost of goods sold.

38.     However, during 2005–2010, Valero erroneously reduced its cost of goods sold for tax purposes by the amount of its Section 6426 Credits. This reduction of cost of goods sold had the impact of erroneously increasing Valero's total income and taxable income shown on its Forms 1120 by the amount of the Section 6426 Credits.

39.     As a result of this overstatement of total income and taxable income, Valero overpaid its federal income taxes for 2005–2008.

40.     Valero reversed this cost of goods sold reduction on its Forms 1120X filed for the years 2005–2010. By doing this, Valero has reduced its taxable income by the full amount of the Section 6426 Credits that were included in income and claimed the related tax refunds.

41.     As an alternative position, even if the Section 6426 Credits were taxable as gross income, the taxable portion would be limited to the amount of the Section 6426 Credits that were used as an offset against the Section 4081 excise tax imposed on the alcohol contained in the alcohol fuel mixture or biodiesel contained in the biodiesel mixture. Thus, Valero's claims for refund requested, in the alternative, a refund of the overpayments of federal income tax attributable to the tax paid on the portion of Valero's Section 6426 Credits that exceeded the Section 4081 Excise Tax imposed upon the gallons of alcohol or biodiesel contained in the alcohol fuel mixtures or biodiesel mixtures blended by Valero during 2005–2010.

## V.     CLAIMS FOR RELIEF

### COUNT I – 2005 TAX REFUND CLAIM

42.     Valero incorporates by reference all of the allegations made in paragraphs 1 to 41.

43.     Valero was entitled to claim the Section 6426 Credits for 2005 and claimed the Section 6426 Credits to which it was entitled.

44.     On or about September 14, 2006, Valero timely filed a Form 1120 for 2005 with the Internal Revenue Service Center in Ogden, Utah.

45.     On its original income tax return for 2005, Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income and overpaying the amount of federal income tax that was due.

46.     Valero's income tax return for 2005 was examined and adjusted by the IRS. In connection with the examination, Valero and the IRS executed an IRS Form 870-AD, Offer to

10

Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment (a "Form 870-AD") on or about February 26, 2015. The Form 870-AD for 2005 provided that Valero reserved the right to claim a refund or credit and to prosecute a timely filed claim on the issue concerning whether Section 6426 Credits are taxable.

47.     In connection with the IRS examination of Valero's income tax return for 2005, the period of limitation for filing a claim for refund for 2005 was extended by agreement under 26 U.S.C. §§ 6501(c)(4) and 6511(c) on an IRS Form 872, Consent to Extend the Time to Assess Tax (a "Form 872"), to December 31, 2016.

48.     On or about July 5, 2016, Valero timely filed a claim for refund on a Form 1120X for 2005 with the Internal Revenue Service Center in Ogden, Utah.

49.     Valero's claim for refund for 2005 requested a refund of the $31,103,108 overpayment of federal income tax for 2005 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received.

50.     Valero's claim for refund for 2005 requested, in the alternative, a refund of the overpayment of federal income tax for 2005 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received in excess of the amount of the fuel excise tax attributable to the alcohol contained in the fuel mixtures giving rise to such Section 6426 Credits.

51.     The IRS examined Valero's 2005 Form 1120X. By IRS Letter 569 (a "Notice of Proposed Disallowance") dated December 12, 2018, the IRS proposed to disallow Valero's claim for refund for 2005. On or about January 29, 2019, Valero timely protested the Notice of Proposed Disallowance for its claim for refund for 2005.

52.     The IRS Office of Appeals (now known as the IRS Independent Office of Appeals) ("Appeals") sustained the Notice of Proposed Disallowance and issued a statutory notice of claim disallowance denying Valero's entire claim for refund for 2005, concluding that "the amount of the [26 U.S.C] § 4081 excise tax liability to be deducted for federal income tax purposes or taken into account as a cost of goods sold (which reduces gross income) must be reduced by the amount the [26 U.S.C.] § 6426(b) credit."

53.     The IRS erroneously disallowed Valero's claim for refund for 2005.

54.     Valero is entitled to the $31,103,108 overpayment of federal income taxes for 2005, or the alternative amount, that was erroneously assessed and collected by the IRS as a result of this erroneous determination and any correlative adjustments.

55.     Prior to filing its claim for refund for 2005, Valero timely paid all federal income tax assessed for 2005.

56.     Valero is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

**COUNT II – 2006 TAX REFUND CLAIM**

57.     Valero incorporates by reference all of the allegations made in paragraphs 1 to 56.

58.     Valero was entitled to claim the Section 6426 Credits for 2006 and claimed the Section 6426 Credits to which it was entitled.

59.     On or about September 13, 2007, Valero timely filed a Form 1120 for 2006 with the Internal Revenue Service Center in Ogden, Utah.

60.     On its original income tax return for 2006, Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income and overpaying the amount of federal income tax that was due.

61.     Valero's income tax return for 2006 was examined and adjusted by the IRS. In connection with the examination, Valero and the IRS executed a Form 870-AD on or about October 14, 2015. The Form 870-AD for 2006 provided that Valero reserved the right to claim a refund or credit and to prosecute a timely filed claim on the issue concerning whether Section 6426 Credits are taxable.

62.     In connection with the IRS examination of Valero's income tax return for 2006, the period of limitation for filing a claim for refund for 2006 was extended by agreement under 26 U.S.C. §§ 6501(c)(4) and 6511(c) on a Form 872 to December 31, 2016.

63.     On or about July 5, 2016, Valero timely filed a claim for refund on a Form 1120X for 2006 with the Internal Revenue Service Center in Ogden, Utah.

64.     Valero's claim for refund for 2006 requested a refund of the $47,227,969 overpayment of federal income tax for 2006 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received.

65.     Valero's claim for refund for 2006 requested, in the alternative, a refund of the overpayment of federal income tax for 2006 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received in excess of the amount of the fuel excise tax attributable to the alcohol contained in the fuel mixtures giving rise to such Section 6426 Credits.

66.     The IRS examined Valero's 2006 Form 1120X. By a Notice of Proposed Disallowance dated December 12, 2018, the IRS proposed to disallow Valero's claim for refund for 2006. On or about January 29, 2019, Valero timely protested the Notice of Proposed Disallowance for its claim for refund for 2006.

67.     Appeals sustained the Notice of Proposed Disallowance and issued a statutory notice of claim disallowance denying Valero's entire claim for refund for 2006, concluding that "the amount of the [26 U.S.C.] § 4081 excise tax liability to be deducted for federal income tax purposes or taken into account as a cost of goods sold (which reduces gross income) must be reduced by the amount of the [26 U.S.C.] § 6426 credits."

68.     The IRS erroneously disallowed Valero's claim for refund for 2006.

69.     Valero was entitled to claim the Section 6426 Credits for 2009 and claimed the Section 6426 Credits to which it was entitled.

70.     On or about March 12, 2010, Valero timely filed a Form 1120 for 2009 with the Internal Revenue Service Center in Ogden, Utah.

71.     In 2009, Valero incurred an NOL that has been carried back to 2006. The NOL was carried back to 2006 pursuant to 26 U.S.C. § 172(b)(1)(H).

72.     On its original income tax return for 2009, Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income.

73.     Valero's income tax return for 2009 was examined and adjusted by the IRS. In connection with the examination, Valero and the IRS executed a Form 870-AD on or about September 29, 2016. The Form 870-AD for 2009 provided that Valero reserved the right to claim a refund or credit and to prosecute a timely filed claim on the issue concerning whether Section 6426 Credits are taxable.

74.     In connection with the IRS examination of Valero's income tax return for 2009, the period of limitation for filing a claim for refund for 2009 was extended by agreement under 26 U.S.C. §§ 6501(c)(4) and 6511(c) on a Form 872 to September 30, 2017.

14

75.     Under 26 U.S.C. § 6511(d)(2), the period of limitation for filing a claim for refund arising from an NOL carryback expires on the date the period of limitation for the loss year expires. Accordingly, the period of limitation for filing the additional claim for refund for 2006 arising from the NOL carried back from 2009 expired on September 30, 2017.

76.     On or about March 23, 2017, Valero timely filed a Form 1120X for 2009 with the Internal Revenue Service Center in Ogden, Utah.

77.     Valero's Form 1120X for 2009 claimed an additional NOL of $242,167,341 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received.

78.     Valero's Form 1120X for 2009 claimed, in the alternative, an additional NOL resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received in excess of the amount of the fuel excise tax attributable to the alcohol or biodiesel contained in the fuel mixtures giving rise to such Section 6426 Credits.

79.     On or about April 6, 2017, Valero timely filed an additional claim for refund on a Form 1120X for 2006 with the Internal Revenue Service Center in Ogden, Utah.

80.     Valero's additional claim for refund for 2006 requested a refund of the additional $82,215,812 overpayment of federal income tax for 2006 resulting from the carryback of the additional $242,167,341 NOL from 2009 to 2006.

81.     Valero's additional claim for refund for 2006 requested, in the alternative, a refund of the overpayment of federal income tax for 2006 resulting from the carryback of the alternative additional NOL from 2009 to 2006.

82.     The IRS examined Valero's 2009 Form 1120X and Valero's carryback of the additional NOL as reflected in Valero's additional 2006 Form 1120X. By a Notice of Proposed Disallowance dated December 12, 2018, the IRS proposed to disallow Valero's claim for 2009 and Valero's additional claim for refund for 2006. On or about January 29, 2019, Valero timely protested the Notice of Proposed Disallowance for its claim for 2009 and its additional claim for refund for 2006.

83.     Appeals sustained the Notice of Proposed Disallowance and issued a statutory notice of claim disallowance denying Valero's entire claim for 2009 and Valero's entire additional claim for refund for 2006, concluding that "the amount of the [26 U.S.C.] § 4081 excise tax liability to be deducted for federal income tax purposes or taken into account as a cost of goods sold (which reduces gross income) must be reduced by the amount of the [26 U.S.C.] § 6426 credits."

84.     The IRS erroneously disallowed Valero's claim for 2009 and Valero's additional claim for refund for 2006.

85.     Valero is entitled to the $129,443,781 overpayment of federal income taxes for 2006, or the alternative amount, that was erroneously assessed and collected by the IRS as a result of the IRS's erroneous determinations and any correlative adjustments.

86.     Prior to filing its claims for refund for 2006, Valero timely paid all federal income tax assessed for 2006.

87.     Valero is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## COUNT III – 2007 TAX REFUND CLAIM

88.     Valero incorporates by reference all of the allegations made in paragraphs 1 to 87.

89.     Valero was entitled to claim the Section 6426 Credits for 2007 and claimed the Section 6426 Credits to which it was entitled.

90.     On or about September 11, 2008, Valero timely filed a Form 1120 for 2007 with the Internal Revenue Service Center in Ogden, Utah.

91.     On its original income tax return for 2007, Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income and overpaying the amount of federal income tax that was due.

92.     Valero's income tax return for 2007 was examined and adjusted by the IRS. In connection with the examination, Valero and the IRS executed a Form 870-AD on or about October 14, 2015. The Form 870-AD for 2007 provided that Valero reserved the right to claim a refund or credit and to prosecute a timely filed claim on the issue concerning whether Section 6426 Credits are taxable.

93.     In connection with the IRS examination of Valero's income tax return for 2007, the period of limitation for filing a claim for refund for 2007 was extended by agreement under 26 U.S.C. §§ 6501(c)(4) and 6511(c) on a Form 872 to December 31, 2016.

94.     On or about July 5, 2016, Valero timely filed a claim for refund on a Form 1120X for 2007 with the Internal Revenue Service Center in Ogden, Utah.

95.     Valero's claim for refund for 2007 requested a refund of the $62,494,993 overpayment of federal income tax for 2007 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received.

96.     Valero's claim for refund for 2007 requested, in the alternative, a refund of the overpayment of federal income tax for 2007 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received in excess of the amount of the fuel excise tax attributable to the alcohol contained in the fuel mixtures giving rise to such Section 6426 Credits.

97.     The IRS examined Valero's 2007 Form 1120X. By a Notice of Proposed Disallowance dated December 12, 2018, the IRS proposed to disallow Valero's claim for refund for 2007. On or about January 29, 2019, Valero timely protested the Notice of Proposed Disallowance for its claim for refund for 2007.

98.     Appeals sustained the Notice of Proposed Disallowance and issued a statutory notice of claim disallowance denying Valero's entire claim for refund for 2007, concluding that "the amount of the [26 U.S.C.] § 4081 excise tax liability to be deducted for federal income tax purposes or taken into account as a cost of goods sold (which reduces gross income) must be reduced by the amount of the [26 U.S.C.] § 6426 credits."

99.     The IRS erroneously disallowed Valero's claim for refund for 2007.

100.     Valero is entitled to the $62,494,993 overpayment of federal income taxes for 2007, or the alternative amount, that was erroneously assessed and collected by the IRS as a result of this erroneous determination and any correlative adjustments.

101.     Prior to filing its claim for refund for 2007, Valero timely paid all federal income tax assessed for 2007.

102.     Valero is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## COUNT IV – 2008 TAX REFUND CLAIM

103.   Valero incorporates by reference all of the allegations made in paragraphs 1 to 102.

104.   Valero was entitled to claim the Section 6426 Credits for 2008 and claimed the Section 6426 Credits to which it was entitled.

105.   On or about September 15, 2009, Valero timely filed a Form 1120 for 2008 with the Internal Revenue Service Center in Ogden, Utah.

106.   On its original income tax return for 2008, Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income and overpaying the amount of federal income tax that was due.

107.   Valero's income tax return for 2008 was examined and adjusted by the IRS. In connection with the examination, Valero and the IRS executed a Form 870-AD on or about September 29, 2016. The Form 870-AD for 2008 provided that Valero reserved the right to claim a refund or credit and to prosecute a timely filed claim on the issue concerning whether Section 6426 Credits are taxable.

108.   In connection with the IRS examination of Valero's income tax return for 2008, the period of limitation for filing a claim for refund for 2008 was extended by agreement under 26 U.S.C. §§ 6501(c)(4) and 6511(c) on a Form 872 to September 30, 2017.

109.   On or about March 23, 2017, Valero timely filed a claim for refund on a Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah.

110.   Valero's claim for refund for 2008 requested a refund of the $77,956,408 overpayment of federal income tax for 2008 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received.

111.    Valero's claim for refund for 2008 requested, in the alternative, a refund of the overpayment of federal income tax for 2008 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received in excess of the amount of the fuel excise tax attributable to the alcohol or biodiesel contained in the fuel mixtures giving rise to such Section 6426 Credits.

112.    The IRS examined Valero's 2008 Form 1120X. By a Notice of Proposed Disallowance dated December 12, 2018, the IRS proposed to disallow Valero's claim for refund for 2008. On or about January 29, 2019, Valero timely protested the Notice of Proposed Disallowance for its claim for refund for 2008.

113.    Appeals sustained the Notice of Proposed Disallowance and issued a statutory notice of claim disallowance denying Valero's entire claim for refund for 2008, concluding that "the amount of the [26 U.S.C.] § 4081 excise tax liability to be deducted for federal income tax purposes or taken into account as a cost of goods sold (which reduces gross income) must be reduced by the amount of the [26 U.S.C.] § 6426 credits."

114.    The IRS erroneously disallowed Valero's claim for refund for 2008.

115.    Valero was entitled to claim the Section 6426 Credits for 2010 and claimed the Section 6426 Credits to which it was entitled.

116.    On or about September 15, 2011, Valero timely filed a Form 1120 for 2010 with the Internal Revenue Service Center in Ogden, Utah.

117.    In 2010, Valero incurred an NOL that has been carried back to 2008. The NOL was carried back to 2008 pursuant to 26 U.S.C. § 172(b)(1)(A)(i).

118.    On its original income tax return for 2010, Valero incorrectly reduced its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received, thereby improperly including the amount of the Section 6426 Credits it received in its gross income.

119.    Valero's income tax return for 2010 was examined and adjusted by the IRS. In connection with the examination, Valero raised as an affirmative issue that the Section 6426 Credits should be excluded from gross income. The IRS disagreed and Valero and the IRS executed a Form 870-AD on or about March 25, 2019. The Form 870-AD for 2010 provided that Valero reserved the right to claim a refund or credit and to prosecute a timely filed claim on the issue concerning whether Section 6426 Credits are taxable.

120.    In connection with the IRS examination of Valero's income tax return for 2010, the period of limitation for filing a claim for refund for 2010 was extended by agreement under 26 U.S.C. §§ 6501(c)(4) and 6511(c) on a Form 872 to June 30, 2020.

121.    Under 26 U.S.C. § 6511(d)(2), the period of limitation for filing a claim for refund arising from an NOL carryback expires on the date the period of limitation for the loss year expires. Accordingly, the period of limitation for filing the additional claim for refund for 2008 arising from the NOL carried back from 2010 expired on June 30, 2020.

122.    On or about December 23, 2019, Valero timely filed a Form 1120X for 2010 with the Internal Revenue Service Center in Ogden, Utah.

123.    Valero's 1120X for 2010 claimed an additional NOL of $324,281,925 resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by the amount of the Section 6426 Credits it received.

124.    Valero's 1120X for 2010 claimed, in the alternative, an additional NOL resulting from Valero's correction of its erroneous reduction of its cost of goods sold for tax purposes by

the amount of the Section 6426 Credits it received in excess of the amount of the fuel excise tax attributable to the alcohol or biodiesel contained in the fuel mixtures giving rise to such Section 6426 Credits.

125.    On or about December 23, 2019, Valero timely filed an additional claim for refund on a Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah.

126.    Valero's additional claim for refund for 2008 requested a refund of the additional $106,688,753 overpayment of federal income tax for 2008 resulting from the carryback of the additional $324,281,925 NOL from 2010 to 2008.

127.    Valero's additional claim for refund for 2008 requested, in the alternative, a refund of the overpayment of federal income tax for 2008 resulting from the carryback of the alternative additional NOL from 2010 to 2008.

128.    The IRS examined Valero's 2010 Form 1120X and Valero's carryback of the additional NOL as reflected in Valero's additional 2008 Form 1120X. By a Notice of Proposed Disallowance dated July 6, 2020, the IRS proposed to disallow Valero's claim for 2010 and Valero's additional claim for refund for 2008. On or about August 4, 2020, Valero timely protested the Notice of Proposed Disallowance for its claim for 2010 and its additional claim for refund for 2008.

129.    Appeals sustained the Notice of Proposed Disallowance and issued a statutory notice of claim disallowance denying Valero's entire claim for 2010 and Valero's entire additional claim for refund for 2008, concluding that "the amount of the [26 U.S.C.] § 4081 excise tax liability to be deducted for federal income tax purposes or taken into account as a cost of goods sold must be reduced by the amount of the [26 U.S.C.] § 6426(b) credit."

130.    The IRS erroneously disallowed Valero's claim for 2010 and Valero's additional claim for refund for 2008.

131.    Valero is entitled to the $184,645,161 overpayment of federal income taxes for 2008, or the alternative amount, that was erroneously assessed and collected by the IRS as a result of the IRS's erroneous determinations and any correlative adjustments.

132.    Prior to filing its claims for refund for 2008, Valero timely paid all federal income tax assessed for 2008.

133.    Valero is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## VI.    PRAYER FOR RELIEF

FOR ALL THESE REASONS, Valero prays that the Court enter judgment against the United States:

a.    Awarding Valero the overpayments of federal income taxes set forth in paragraphs 54, 85, 100, and 131, or in such other amount as is legally refundable, plus statutory interest thereon as provided by law; and

b.    Awarding Valero all other relief to which it is entitled.

Dated:    September 28, 2021          WHITE & CASE LLP

By:  /s/ Steven Otillar

Steven Otillar (TX Bar No. 00794409)
(*admitted to the Western District of Texas*)
sotillar@whitecase.com
White & Case, LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 496-9717
Facsimile: (713) 496-9701

Kim Marie Boylan (DC Bar No. 411877)
(*pro hac vice and admission pending*)
kboylan@whitecase.com
Brian S. Gleicher (DC Bar No. 449604)
(*pro hac vice pending*)
brian.gleicher@whitecase.com
Sean P. Lyons (DC Bar No. 230567)
(*pro hac vice and admission pending*)
sean.lyons@whitecase.com
White & Case, LLP
701 Thirteenth Street NW
Washington, DC 20005
Telephone: (202) 626-3601
Facsimile: (202) 639-9355

Attorneys for
Valero Energy Corporation and Subsidiaries