IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VALERO ENERGY CORPORATION AND SUBSIDIARIES, ) ) ) | |
| Plaintiff, ) ) | |
| V. ) ) | CIVIL ACTION NO. SA-21-CA-922-FB |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME**
**AND ORDER OF ADMINISTRATIVE CLOSURE**

Before the Court is the United States' Unopposed Motion for Extension of the Time to Answer or Otherwise Respond (docket no. 12) to plaintiff's complaint, filed on November 29, 2021. As set forth in the motion, the complaint in this case was filed on September 28, 2021, and was served on the United States Attorney on or about September 30, 2021. Under Rule 12 of the Federal Rules of Civil Procedure, the United States has 60 days to file its answer or to otherwise respond, unless extended by the Court. Accordingly, the time for the United States to file an answer or to otherwise respond was to expire on November 29, 2021. Pursuant to FED. R. CIV. P. 26(f)(1) and FED. R. CIV. P. 16(b)(2), the parties would also be required to meet and discuss scheduling shortly after the current answer deadline.

Plaintiff seeks a refund of federal tax and interest for four tax years (*i.e.,* 2005, 2006, 2007, and 2008) in the amount of $407,687,043, plus applicable interest. The United States informs the Court that it has not been able to complete the preparation of its answer or other response because some of the information relating to the suit filed by the plaintiff needed by counsel for the United States is still in the possession of the Internal Revenue Service. In addition, because some of the legal issues involved in this matter are complex, additional time would allow counsel for the United States to become more familiar with the legal issues involved in this matter. For these reasons, the United States seeks an additional 45 days, until January 14, 2022, to file an answer or otherwise respond to plaintiff's

complaint. The United States also seeks an extension of the deadlines under Federal Rule of Civil Procedure 26(f)(1) until after the extended answer or response deadline. After careful consideration, the Court is of the opinion that the United States has shown good cause to extend the deadlines. Therefore, the motion shall be granted.

Because this case cannot move forward until defendant has answered or otherwise responded to plaintiff's complaint, the Court additionally finds this case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.,* 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

ACCORDINGLY, IT IS HEREBY ORDERED that the United States' Unopposed Motion for Extension of the Time to Answer or Otherwise Respond (docket no. 12) to plaintiff's complaint is GRANTED such that United States shall have until **January 14, 2022**, to file an answer or to otherwise respond to the plaintiff's complaint. Further, the deadlines under FED. R. CIV. P. 16(b) and 26(f)(1) are also extended until after the January 14, 2022, deadline, and will be set by subsequent order.

IT IS FURTHER ORDERED that the Clerk's office is DIRECTED to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

It is so ORDERED.

SIGNED this 1st day of December, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE