IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALERO ENERGY CORPORATION AND SUBSIDIARIES, | ) ) ) | Case No. 5:21-cv-00922 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

**UNITED STATES' ANSWER**

Defendant, the United States of America, in answer to Valero Energy Corporation and Subsidiaries' ("Valero") Complaint, asserts that the introductory paragraph of the Complaint sets forth Valero's characterization of the action and requires no response. The United States denies all allegations below that are not expressly admitted.

**AFFIRMATIVE DEFENSES**

The United States affirmatively pleads that to the extent the Plaintiff's administrative claims for refund were not timely filed under 26 U.S.C. § 6511, they are barred by 26 U.S.C. § 6511, 26 U.S.C. § 7422, lack of subject matter jurisdiction, and sovereign immunity.

The United States affirmatively pleads that to the extent the Plaintiff's suit for refund was not timely filed within two years after the denial of its administrative claims for refund, the refunds are barred by 26 U.S.C. § 6532, lack of subject matter jurisdiction, and sovereign immunity.

The United States affirmatively pleads that to the extent the Plaintiff's suit for refund seeks relief based on grounds or amounts different than those included in its administrative

claims for refund, the refunds are barred by the doctrine of variance, 26 C.F.R. § 301.6402–2, lack of subject matter jurisdiction, and sovereign immunity.

The United States affirmatively pleads that to the extent the Plaintiff failed to fully pay the tax it seeks to recover before filing this suit, the refunds are barred under 28 U.S.C. § 1346(a)(1), *Flora v. United States*, 362 U.S. 145 (1960), lack of jurisdiction, and waiver of sovereign immunity.

**RESPONSE TO ENUMERATED PARAGRAPHS**

Subject to the above defenses, the United States responds as follows to the allegations contained in Plaintiff's Complaint using the same headings and numbering scheme as the Complaint but without admitting any allegations contained in any heading.

## I.      NATURE OF THE ACTION

1.      The United States denies the taxes and/or interest were erroneously assessed or collected against Valero for the years at issue but admits the remainder of paragraph 1.

2.      Paragraph 2 is Valero's statements of its understanding and characterization of Congressional intent, law, and portions of the Internal Revenue Code not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

3.      The United States denies Valero's characterization of the Section 6426 Credits as "subsidy" and as an "offset" but lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 3.

4.      The United States admits that Valero reduced its cost of goods sold (reported on its federal corporate income tax return (IRS Form 1120)) by the amount of the Section 6426

Credit.  The United States denies that Valero "incorrectly reduced its cost of goods sold for income tax purposes by the amount of the Section 6426 Credits" and denies that Valero "improperly included" the amount of the Section 6426 Credit in its gross income.  The United States denies that Valero overpaid the amount of federal income tax that was due.  To the extent not admitted, the United States denies the remainder of paragraph 4.

5.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

7.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

8.       The United States admits the allegation.

## II.     PARTIES

9.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11.     The United States admits the allegations.

## III.    JURISDICTION AND VENUE

12.     The United States denies that the taxes at issue were "erroneously or illegally assessed," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

13.     The United States admits the allegations.

14.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## IV.     BACKGROUND

18.     Paragraph 18 is Plaintiff's characterization of a portion of the Internal Revenue Code to which no response is required; however, to the extent a response is required, the United States denies Plaintiff's characterization is complete and accurate.

19.     The first sentence of paragraph 19 is recitation of a portion of the Internal Revenue Code to which no response is required; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate. The United States admits the remaining allegations.

20.     Paragraph 20 is Valero's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

21.     Paragraph 21 is Valero's statement of its understanding and characterization of portions of the Internal Revenue Code and Treasury Regulations not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

22.     The United States denies, as vague, the first sentence.  As to the remainder of paragraph 22, these are Valero's statements of its understanding and characterization of Congressional intent and law not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.  The United States further denies that the Section 6426 Credit is a subsidy.

23.     The United States denies, as vague, the first sentence.  Further, paragraph 23 is Valero's statement of its understanding and characterization of the law and statutes not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

24.     Paragraph 24 is Valero's statement of its understanding and characterization of Congressional intent and law not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.  The United States denies that the Section 6426 Credit is a subsidy.

25.      Paragraph 25 is Valero's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

26.     Paragraph 26 is Valero's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

27.     The first and second sentences of paragraph 27 are Valero's statement of its understanding and characterization of portions of the Internal Revenue Code and legislative

history not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate. The United States lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

28.     Paragraph 28 is Valero's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

29.     The United States denies, as vague, the first sentence. Further, paragraph 29 is Valero's statement of its understanding and characterization of portions of the Internal Revenue Code and Treasury Regulations not requiring a response; however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

30.     Paragraph 30 is Valero's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response: however, to the extent a response is required, the United States denies Plaintiff's understanding or characterization is complete and accurate.

31.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

32.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35.     The United States denies the allegations.

36.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

37.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

38.     The United States denies the allegations.

39.     The United States denies the allegations.

40.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

41.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

V.      **CLAIMS FOR RELIEF**

        **COUNT I – 2005 TAX REFUND CLAIM**

42.     The United States incorporates by reference its responses to allegations 1-41 of the Complaint.

43.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

44.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

45.     The United States denies the allegations.

46.     The United States admits the first sentence but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

47.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

48.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

49.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

50.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

51.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

52.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

53.     The United States admits Valero's claim was denied, but the United States denies that such action was erroneous.

54.     The United States denies the allegations.

55.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

56.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**COUNT II – 2006 REFUND CLAIM**

57.     The United States incorporates by reference its responses to allegations 1-56 of the Complaint.

58.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

59.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

60.     The United States denies the allegations.

61.     The United States admits the first sentence but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

62.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

63.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

64.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

65.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

66.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

67.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

68.     The United States admits Valero's claim was denied, but the United States denies that such action was erroneous.

69.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

70.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

71.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

72.     The United States denies the allegations.

73.     The United States admits the allegations in the first sentence but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

74.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

75.     The first sentence of paragraph 75 is Valero's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response; however, to the extent a response is required the United States denies that Plaintiff's understanding or characterization is complete and accurate. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Valero's alleged NOL.

76.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

77.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

78.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

79.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

80.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

81.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

82.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

83.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

84.     The United States denies the allegations.

85.     The United States denies the allegations.

86.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

87.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**COUNT III – 2007 TAX REFUND CLAIM**

88.     The United States incorporates by reference its responses to allegations 1-87 of the Complaint.

89.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

90.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

91.     The United States denies the allegations.

92.     The United States admits the allegations in the first sentence but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

93.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

94.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

95.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

96.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

97.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

98.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99.     The United States admits Valero's claim was denied, but the United States denies that such action was erroneous.

100.    The United States denies the allegations.

101.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

102.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**COUNT IV – 2008 TAX REFUND CLAIM**

103.    The United States incorporates by reference its responses to allegations 1-102 of the Complaint.

104.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

105.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

106.    The United States denies the allegations.

107.    The United States admits the allegations in the first sentence but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

108.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

109.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

110.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

111.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

112.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

113.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

114.    The United States admits Valero's claim was denied, but the United States denies that such action was erroneous.

115.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

116.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

117.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

118.    The United States denies the allegations.

119.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

120.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

121.    The first sentence of paragraph 121 is Valero's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response; however, to the extent a response is required, the United States denies that Plaintiff's understanding or characterization is complete and accurate.  The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Valero's alleged NOL.

122.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14

123.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

124.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

125.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

126.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

127.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

128.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

129.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

130.    The United States denies the allegations.

131.    The United States denies the allegations.

132.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

133.    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**PRAYER FOR RELIEF**

The United States requests that Valero take nothing on its cause of action.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ *Curtis C. Smith*
JONATHAN L. BLACKER
CURTIS C. SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9765/9734 (v)
214-880-9741/9742/9774 (f)
Jonathan.Blacker2@usdoj.gov
Curtis.C.Smith@tax.usdoj.gov

Attorneys for the United States

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing UNITED STATES' ANSWER was electronically filed on

January 14, 2022, via the Court's ECF system, which will send notification of such filing to all

counsel of record.

/s/ *Curtis C. Smith*
CURTIS C. SMITH