IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VALERO ENERGY CORPORATION AND SUBSIDIARIES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 5:21-cv-00922-FB |

**JOINT NOTICE RE: PROCEEDINGS IN *EXXON MOBIL CORP. V. UNITED STATES***

Plaintiff, Valero Energy Corporation and Subsidiaries, and Defendant, the United States of America (collectively, the "Parties"), through their attorneys, wish to update the Court regarding the proceedings in *Exxon Mobil Corp. v. United States*, No. 21-10373 (5th Cir. Apr. 14, 2021).

1. As discussed in the Parties' February 15, 2022 Joint Motion to Stay Proceedings, *Exxon*, like this case, involves the income tax treatment of the credits provided by 26 U.S.C. § 6426. A final determination in *Exxon* will substantially affect the Parties' decision as to how they intend to proceed with this litigation. Joint Motion to Stay Proceedings at ¶ 1, ECF No. 21.

2. Pursuant to the Court's February 16, 2022 Order Granting Joint Motion to Stay Proceedings and Order of Administrative Closure, this case is stayed and administratively closed, and the Parties must "report back to the Court within **fourteen days** of a final determination in *Exxon* to advise the Court as to how the parties recommend proceeding." Order Granting Joint Motion to Stay Proceedings and Order of Administrative Closure at 1, ECF No. 22 (emphasis in original).

1

3. On August 3, 2022, the U.S. Court of Appeals for the Fifth Circuit (the "Fifth Circuit") entered an opinion and judgment in *Exxon*. The Fifth Circuit's opinion affirmed the judgment of the U.S. District Court for the Northern District of Texas (the "Northern District") with respect to the income tax treatment of the credits provided by 26 U.S.C. § 6426. The Northern District had held in favor of Defendant on that issue.

4. Although the Fifth Circuit has entered an opinion and judgment, the Fifth Circuit's decision in *Exxon* is not yet final. Fifth Circuit decisions are not final until the mandate issues. *See United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008) ("This court's decisions are not 'final until we issue a mandate.'") (quoting *Charpentier v. Ortco Contractors*, 480 F.3d 710, 713 (5th Cir. 2007)); *Charpentier*, 480 F.3d at 713 ("This court retains control over an appeal until we issue a mandate. Before our mandate issues, we have the power to alter or modify our judgment. Accordingly, our decision is not final until we issue a mandate.") (internal footnotes omitted).

5. The Fifth Circuit has not issued its mandate in *Exxon*. Based upon the docket sheet for that case, the Fifth Circuit intends to issue its mandate on or about September 26, 2022. ECF No. 74, *Exxon Mobil Corp. v. United States*, No. 21-10373 (5th Cir. Aug. 3, 2022). Issuance of the mandate could be further delayed should one or both of the parties to that case file a petition for rehearing with the Fifth Circuit or file a motion to stay the mandate pending the filing of a petition for a writ of certiorari with the U.S. Supreme Court. *See generally* Fed. R. App. Proc. R.41.

6. Accordingly, there has not yet been a final determination in *Exxon*, and the Parties' obligations under the Court's Order Granting Joint Motion to Stay Proceedings and Order of Administrative Closure have not yet been triggered. Because the Fifth Circuit's decision in *Exxon* is still subject to alteration or modification, the Parties are not yet in a position to advise the Court

as to how they recommend proceeding. The Parties will not be in such a position unless and until the mandate issues in *Exxon*.

7. Upon issuance of the mandate in *Exxon*, the Parties will comply with their obligations under the Court's Order Granting Joint Motion to Stay Proceedings and Order of Administrative Closure, and will report back to the Court within fourteen days of the issuance of the mandate to advise the Court as to how the Parties recommend proceeding in this case.

8. Counsel for the Parties conferred regarding this notice, and as noted herein, the Parties join in this notice.

Dated:   August 17, 2022

| | |
|---|---|
| DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>By:  /s/ Jonathan L. Blacker<br><br>JONATHAN L. BLACKER<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>717 N. Harwood, Suite 400<br>Dallas, Texas 75201<br>214-880-9765 (v)<br>214-880-9741 (f)<br>Jonathan.Blacker2@usdoj.gov<br><br>Attorneys for the United States of America | WHITE & CASE LLP<br><br>By:  /s/ Kim Marie Boylan<br><br>Kim Marie Boylan (DC Bar No. 411877)<br>(*admitted to the Western District of Texas*)<br>kboylan@whitecase.com<br>Brian S. Gleicher (DC Bar No. 449604)<br>(*pro hac vice*)<br>brian.gleicher@whitecase.com<br>Sean P. Lyons (DC Bar No. 230567)<br>(*admitted to the Western District of Texas*)<br>sean.lyons@whitecase.com<br>White & Case, LLP<br>701 Thirteenth Street NW<br>Washington, DC 20005<br>Telephone: (202) 626-3601<br>Facsimile: (202) 639-9355<br><br>Steven Otillar (TX Bar No. 00794409)<br>(*admitted to the Western District of Texas*)<br>sotillar@whitecase.com<br>White & Case, LLP<br>609 Main Street<br>Houston, TX 77002<br>Telephone: (713) 496-9717<br>Facsimile: (713) 496-9701<br><br>Attorneys for<br>Valero Energy Corporation and Subsidiaries |

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 17, 2022, with a copy of this document via the Court's CM/ECF system per Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

/s/ Kim Marie Boylan